H. A. Bertrams, Helene Bertrams v. Commissioner.
Bertrams v. Commissioner
Docket No. 4938-67.
United States Tax Court
T.C. Memo 1968-281; 1968 Tax Ct. Memo LEXIS 18; 27 T.C.M. (CCH) 1508; T.C.M. (RIA) 68281; December 4, 1968, Filed *18 H. A. Bertrams, pro se, 209 Burgess Ave., Westwood, Mass. Joel Gerber, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined an $88 deficiency in the 1965 income tax of petitioners, husband and wife. They resided in Westwood, Massachusetts, when the petition herein was filed. The husband will hereinafter be referred to as petitioner. The sole issue involves the deductibility of an alleged loss of a bank account in a bank in Leipzing, East Gernmny. The evidence discloses that petitioner, a national of Germany, opened an account in a bank in Leipzig in 1942. He made no further deposits, and there was never any further activity in that account other than the accrual of interest. The last entry shown in the account was made in 1945, when petitioner was a soldier in the German army. He was not a resident of Leipzig, nor had he ever lived in East Germany. He was a West German. In 1953 petitioner immigrated to the United States and became a United States citizen in 1958. At no time prior to 1965 did petitioner ever try to withdraw the balance in the account or any portion thereof. In 1965 he made an attempt by mail to withdraw the funds *19 but received no answer to his letter. He sought assistance from our State Department, but was informed of its understanding that all foreign owned funds in banks in the Soviet Zone of Germany had been placed under the administration of the Deutsche Notenbank, an agency of the socalled German Democratic Republic. The State Department added that since the United States does not recognize that Government, it was unable to be of an assistance in respect of property matters in East Germany. In petitioners' Federal income tax return for 1965, a "casualty loss" in the amount of $500 was reported in respect of the bank account, and a deduction in the amount of $400 (the excess over the $100 limitation) was claimed. The Commissioner disallowed the deduction and determined the deficiency accordingly. 1509 The deficiency must be sustained for failure of proof. While petitioner may have suffered a loss, the difficulty with his position is that we cannot find on this record that the loss in fact occurred in 1965 rather than in some earlier year. We are utterly without evidence as to when the East German Government or some agency thereof may have confiscated petitioner's funds. For aught *20 we know such may have occurred a number of years prior to 1965. In the circumstances, we must sustain the Commissioner's determination, and we do not consider any other possible impediments to the deductibility of the claimed loss. Decision will be entered for the respondent.